**Asif JAVED, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71020.

Agency No. A76–023–955.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 2, 2004.

Submitted Oct. 20, 2004.

Decided Nov. 29, 2004.

Before REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM *

Asif Javed, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' (BIA) decision to affirm the Immigration Judge's (IJ) denial of his application for asylum, withholding of

---

removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part, deny the petition in part, and remand to the BIA for further proceedings.[1]

We review adverse credibility rulings under the substantial evidence standard. *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004). Here, the IJ's adverse credibility finding is supported by substantial evidence. Inconsistencies and material omissions in Javed's testimony, non-responsive answers, and a lack of corroboration undermined his credibility. Accordingly, Javed fails to qualify for asylum, and he necessarily fails to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

■ Although the IJ denied Javed's asylum and withholding claims on the basis of his adverse credibility ruling, he failed to explain his reasons for rejecting Javed's CAT claim. Because claims for asylum and withholding of removal are analytically separate from claims for relief under the CAT, the IJ was obligated to consider separately the merits of Javed's CAT claim. *See Kamalthas v. INS*, 251 F.3d 1279, 1280, 1283 (9th Cir.2001) (holding that "the BIA impermissibly conflated the standards for granting relief in asylum and Convention cases"); *see also Hamoui v. Ashcroft*, 389 F.3d 821, 827–28 (9th Cir. 2004) ("It is improper to equate evidence needed to sustain a claim of asylum with evidence needed to establish a claim under the Convention Against Torture; the two claims are analytically and factually different.").

■ Moreover, the IJ was not permitted to rely exclusively on the prior adverse credibility determination in rejecting Javed's CAT claim. *See Kamalthas*, 251 F.3d at 1284 (" '[W]e are not comfortable with allowing a negative credibility determination in the asylum context to wash over the torture claim; especially when the prior adverse credibility determination is not necessarily significant in this situation.' " (quoting *Mansour v. INS*, 230 F.3d 902, 908 (7th Cir.2000))); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004) ("An adverse credibility determination ... will doom an alien's asylum claim, but may not be a particularly significant aspect of the CAT inquiry."). Instead, in reviewing CAT claims, an IJ must consider "all evidence relevant to the possibility of future torture," including "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal ... [and][o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3)(iii) & (iv); *see also Kamalthas*, 251 F.3d at 1283 (stating that all relevant evidence must be considered, "even apart from any prior findings in the asylum context").

■ Here, the record indicated that members of Javed's political party were subject to torture by the Pakistani government. The State Department profile reported that Pakistan's police had "committed numerous extrajudicial killings and tortured, abused, and raped citizens," including participating in violent attacks on Javed's political party. We conclude that the IJ abused his discretion by resolving Javed's CAT claim without considering this evidence. *See Kamalthas*, 251 F.3d at 1280 (holding that "the Board abused its discretion in failing to recognize that country conditions alone can play a decisive role in granting relief under the Convention"). Accordingly, we remand with in-

---

1. Because the parties are familiar with the facts of this case, we recite them only as necessary to explain our decision.

structions for the BIA to address the likelihood that Javed may face torture if he returned to Pakistan.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**

* The Honorable James L. Oakes, Senior United States Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.